UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN W. MURPHY, | : | No. 3:03cv1598(WWE) |
|     Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| UNIVERSITY OF CONNECTICUT HEALTH SERVICES, UNIVERSITY OF CONNECTICUT CORRECTIONAL MANAGED HEALTH CARE, UNIVERSITY OF CONNECTICUT CORRECTIONAL MANAGED HEALTH CARE UTILIZATION; MANAGEMENT UNIT; EDWARD BLANCHETTE, M.D., TIMOTHY SILVIS, M.D., JOHN J. ARMSTRONG, MARK STRANGE, ELAINE LUKAS, R.N., and THERESA LANTZ, | : | |
|     Defendants.[1] | : | |

## RULING ON MOTION TO DISMISS

     Plaintiff John Murphy, who is currently incarcerated at the Enfield Correctional Institution in Enfield, Connecticut, asserts this action against the University of Connecticut Health Services ("UCHS"), University of Connecticut Correctional Managed Health Care ("UCCMHC"), University of Connecticut Correctional Managed Health Care Utilization Management Unit ("Utilization Management Unit"), Edward Blanchette, M.D., Timothy Silvis, M.D., former Commissioner of Correction John Armstrong, Mark Strange, Elaine Lukas, R.N., and Commissioner of Correction Theresa Lantz, alleging

---

[1] Plaintiff's amended complaint also names Dr. Pesanti in the caption. However, plaintiff did not request to amend the complaint to add Dr. Pesanti and the amended complaint contains no allegations against Dr. Pesanti. Accordingly, the Court does not consider him to be a party to this action.

that he did not receive proper medical treatment in accordance with an order of the sentencing court.² Specifically, plaintiff claims that he was subjected to cruel and unusual punishment and deliberate indifference due to defendants' failure to treat him properly for hepatitis "C."

Defendants have filed a motion to dismiss. For the following reasons, the motion to dismiss will be granted.

## BACKGROUND

The following facts are taken from the complaint and, pursuant to the relevant standard of review, are considered to be true. The Court also considers prior court proceedings that are known to the plaintiff and are integral to this claim. See Degrooth v. General Dynamics Corp., 837 F.Supp. 485, 487 (D.Conn. 1993) (document outside of pleadings may be considered on a motion to dismiss where there is undisputed notice to plaintiff of document's contents and document is integral to plaintiff's claim).

Plaintiff is an inmate at the Enfield Correctional Institution who suffers from cirrhosis of the liver. In 1996, a state court judge sentenced him to fifteen years of imprisonment and directed that plaintiff be treated for hepatitis "C."

In September 2000, the Utilization Management Unit was contacted to review plaintiff's medical reports and blood levels to verify the need for hepatitis "C" treatment. Pursuant to its review, defendant denied plaintiff's requested hepatitis "C" treatment. Plaintiff alleges that the denial resulted from: 1) defendant Blanchette's failure to

---

²In the opposition brief, plaintiff clarifies that he seeks only monetary damages and concedes that the Eleventh Amendment bars recovery of monetary damages against the institutional defendants and the individual defendants in their official capacities.

provide appropriate laboratory test data; and 2) defendant Silvis' failure to inform the Utilization Management Unit of the severity of plaintiff's condition.

Additionally, defendant Lukas allegedly refused to respond to plaintiff's requests for treatment and failed "to apprise, or compile files to give to defendant Blanchette, or defendant Silvis, failing in her responsibility as Supervisor"; and defendants Armstrong and Strange allegedly knew of plaintiff's need for treatment but ignored his requests for treatment, thereby causing him irreparable "body damage, pain, and suffering."

On April 27, 2005, the Superior Court for the Judicial District at Rockville, Connecticut, heard plaintiff's habeas corpus claim for relief based on his assertion that the Department of Corrections had acted with deliberate indifference to his current medical needs. During that proceeding, plaintiff introduced his pathology report dated November 8, 2001 and medical records dating back to 2000. He also had the opportunity to cross examine defendant Blanchette about hepatitis "C" treatments. After consideration of the evidence, the Court made the following findings of fact:

> The petitioner, of course, is in the custody of the respondent; the petitioner did in fact have hepatitis C at the time of his sentencing; the petitioner now has early stage cirrhosis of the liver; the petitioner was offered hepatitis C treatment by the Department of Correction at least by 2000; petitioner has, in fact, refused the appropriate hepatitis C treatment. The Court finds that based upon the preponderance of the evidence that the hepatitis C treatment would still be effective even if administered today. The Court finds that the respondent remains willing and able to administer the hepatitis C treatment as soon as the petitioner indicates his willingness to participate in such treatment. To date, as of the date of this decision, the petitioner has so far refused to participate in such treatment. And the Court further finds that a liver transplant, while potentially a treatment that might be required in the future, is not immediately warranted at this point.

The Court went on to hold that plaintiff had "clearly not demonstrated a deliberate indifference" to his medical needs, and therefore, denied the claim "alleging cruel and unusual punishment for failure to provide medical care. . . ." The Court did not resolve whether the state had violated plaintiff's plea agreement by not giving him the hepatitis treatment shortly after he was sentenced in 1996.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept as true the well pleaded allegations of the complaint. Albright v. Oliver, 510 U.S. 266, 268 (1994). In addition, the allegations of the complaint should be construed favorably to the pleader. Scheuer v. Rhodes, 416 U.S. 232, 236 (1973). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

A motion to dismiss under FRCP 12(b)(1) "challenges the court's statutory or constitutional power to adjudicate the case before it." 2A James W. Moore et al., Moore's Federal Practice, P 12.07, at 12-49 (2d ed.1994). Once the question of jurisdiction is raised, the burden of establishing subject matter jurisdiction rests on the party asserting such jurisdiction. Thomson v. Gaskill, 315 U.S. 442, 446 (1942).

**Collateral Estoppel**

Defendants argue that collateral estoppel bars plaintiff's instant claim since the superior court's habeas decision already determined that the state did not act with deliberate indifference with regard to plaintiff's medical treatments.

Federal courts are required to give a prior state court decision the same preclusive effect under either res judicata or collateral estoppel that courts of that state would give to that decision.  Kremer v. Chemical Constr. Corp., 456 U.S. 461, 466 (1982).  State law determines whether a prior state-court proceeding has any preclusive effect in a subsequent action pending in federal court.  See Fayer v. Middlebury, 258 F.3d 117, 124 (2d Cir. 2001).

Under the doctrine of collateral estoppel, the judgment of a prior suit precludes relitigation of issues actually litigated and necessary to the outcome of the first action. Parklane Hoisery Co. v. Shore, 439 U.S. 322, 327 n.5 (1979).  A party raising a defense of collateral estoppel must demonstrate that an issue that is presented in the second case was already fully and fairly litigated.  Jackson v. R.G. Whipple, Inc., 225 Conn. 705, 714-15 (1993).  The issue must have been necessary to the earlier judgment in the first case.  Gladysz v. Planning & Zoning Comm'n, 256 Conn. 249, 261 (2001).  If an issue has been determined, but the judgment is not dependent upon determination of the issue, the parties may relitigate the issue in a subsequent action.  Delahunty v. Massachusetts Mutual Life Insurance Company, 236 Conn. 582 (1996).  Mutuality of parties is no longer required to invoke collateral estoppel.  Aetna Casualty & Surety Co. v. Jones, 220 Conn. 285, 299-303 (1991).

Plaintiff argues that collateral estoppel does not bar this action since the issue to

5

be resolved by the instant action differs from that decided by the state habeas decision. Specifically, plaintiff claims that the habeas case concerned "whether the Commissioner of Correction in April 2005 was deliberately indifferent" to plaintiff's medical needs, whereas this action concerns "the acts and omissions of individuals other than the Commissioner in the period 2000-2003." However, the transcript demonstrates that plaintiff had a full and fair opportunity to litigate deliberate indifference to plaintiff's need for treatment from 2000 to 2003. Further, the determination that no deliberate indifference occurred was necessary to the denial of plaintiff's habeas claim. The fact that plaintiff now names new defendants does not defeat application of collateral estoppel. As remarked by the United States Supreme Court, "[p]ermitting repeated litigation of the same issues as long as the supply of unrelated defendants holds out reflects either the aura of the gaming table or a lack of discipline and of disinterestedness on the part of the lower courts, hardly a worthy or wise basis for fashioning rules of procedure." Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313, 329 (1971) (internal quotation marks omitted). Accordingly, the Court finds that plaintiff's section 1983 claim is collaterally estopped.

### Violation of the Sentencing Order

Plaintiff also brings a claim for damages based on defendants' alleged violation of the state sentencing order. Consideration of such claim implicates the validity of plaintiff's conviction or sentence.

A plaintiff seeking damages under section 1983 for harm caused by unlawful actions that would render a conviction or sentence invalid must prove that the

conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal or called into question by a federal court's issuance of a writ of habeas corpus.  Heck v. Humphrey, 512 U.S. 477, 486 (1994).  Since plaintiff has not demonstrated that any of these conditions apply to this case, he has failed to set forth a cognizable section 1983 claim.

## CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss [document #30] is GRANTED.

The clerk is instructed to enter judgment in favor of the defendants and to close this case.

SO ORDERED.

_____/s/_____
Warren W. Eginton, Senior U.S. District Judge

Dated at Bridgeport, Connecticut this 31st  day of May, 2006.